■ In the Matter of the Claim of MIRYAM KOHEN, Appellant. COMMISSIONER OF LABOR, Respondent. [793 NYS2d 640]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 5, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant, a social worker, filed a complaint against her employer with the Division of Human Rights in early 2002 claiming that she was being harassed due to her religion. According to claimant, she continued to experience problems thereafter, including an apparent attempt by the employer in April

2003 to force her to take a leave of absence. Following this incident, she continued working even after she discovered in May 2003 that she was having a high risk pregnancy. On June 9, 2003, she resigned from her position because she was dissatisfied with the work environment and did not think she was being treated fairly. The Unemployment Insurance Appeal Board ultimately disqualified her from receiving unemployment insurance benefits on the ground that she voluntarily left her employment without good cause. Claimant appeals.

We affirm. It is well settled that dissatisfaction with one's working environment does not constitute good cause for leaving employment (*see Matter of Weaver [Commissioner of Labor]*, 6 AD3d 857, 858 [2004]; *Matter of Fradys [Commissioner of Labor]*, 308 AD2d 672, 673 [2003]). In the case at hand, claimant explained that she left her job because she found the work environment unpleasant and did not want to jeopardize her health by exposing herself to stress. She did not tell her employer of her pregnancy and opted to resign instead of seeking a leave of absence. In light of this, as well as the fact that no ruling had been made on claimant's discrimination complaint at the time of the proceedings before the Board, we find that substantial evidence supports the Board's decision.

Cardona, P.J., Crew III, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.