■ In the Matter of the Claim of PETER J. WROBLESKI, Appellant. COMMISSIONER OF LABOR, Respondent. [885 NYS2d 548]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 30, 2008, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant worked as a customer satisfaction advocate for a health insurance company. A coworker complained that claimant had made a bomb threat which prompted an investigation by the employer. After speaking with claimant, the employer's human resources manager found that the complaint was unfounded and indicated that the employer would not tolerate any mistreatment of claimant as a result. Claimant, however, experienced alienation by his coworkers who would not speak to him after the incident. He felt he had no choice but to tolerate their behavior or resign. He chose to resign. The Unemployment Insurance Appeal Board ruled that he was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause. Claimant appeals.

We affirm. It is well settled that dissatisfaction with one's work environment does not constitute good cause for leaving one's employment (see Matter of Rizzicone [Commissioner of Labor], 32 AD3d 1056, 1057 [2006]; Matter of Kohen [Commissioner of Labor], 17 AD3d 955, 956 [2005]). Claimant testified that he resigned from his position because he could not tolerate working in an environment in which his coworkers shunned him, yet he failed to take reasonable steps to protect his employment by reporting the situation to the employer or asking to work in a different setting (see Matter of Woodcheke [Commissioner of Labor], 53 AD3d 1011, 1011 [2008]). Given that substantial evidence supports the Board's decision, we decline to disturb it.

Peters, J.P., Rose, Kane, Kavanagh and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.