Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 7, 2012, which ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.
While employed as a counselor for a shelter, claimant’s physician advised her to stop working due to a high risk pregnancy and she eventually resigned her position rather than requesting any type of leave. Following hearings, the Unemployment Insurance Appeal Board ultimately ruled that claimant voluntarily separated from her employment for personal and noncompelling reasons and, as such, she was disqualified from receiving unemployment insurance benefits. Claimant now appeals.
We affirm. “[W]hether a claimant has good cause to leave his or her employment is a factual question for the Board to resolve and its decision will not be disturbed if supported by substantial evidence” (Matter of Mkhitaryan [Commissioner of Labor], 86 AD3d 888, 889 [2011] [internal quotation marks and citation omitted]; see Matter of Pierre-Louis [Commissioner of Labor], 106 AD3d 1362, 1362 [2013]; Matter of Pencola [Commissioner of Labor], 92 AD3d 1009, 1009 [2012]). Here, claimant testified that, when she was over eight months pregnant and suffering from stress, she resigned her position based upon medical advice from her physician. Claimant further stated that she did not discuss her entitlement to maternity or medical leave at the time of her resignation and, while she was aware that she could apply for disability benefits, she chose not to because she did not think the payments would cover her expenses. Given these circumstances, we find that “substantial evidence supports the Board’s decision that claimant failed to take reasonable steps to protect her employment prior to resigning” (Matter of Warmsley [Commissioner of Labor], 32 AD3d 1059, 1060 [2006]; see Matter of Kohen [Commissioner of Labor], 17 AD3d 955, 956 [2005]).
Eeters, EJ, Rose, Spain and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.